IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HAL HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-CV-4004-JPG |
| | ) | |
| MIDWEST TRANSIT, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Hicks' motion made pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 130). In this motion, Hicks requests vacatur of this Court's order granting HARRIS *direct* LLC's ("Harris") motion for summary judgment (Doc. 119). Hicks essentially makes two arguments. First, he claims Harris committed fraud by misrepresenting facts that were crucial to the Court's decision. Second, he claims the Court granted Harris's motion before he had an opportunity to supplement his response. For the following reasons, the Court will **DENY** Hicks's motion.

United States Magistrate Judge Frazier had a telephone discovery dispute conference in this case on October 28, 2005. (Doc. 115). In this conference, Judge Frazier ordered Harris to respond to some of Hicks's discovery requests by November 30, 2005. He also indicated that Hicks could supplement his response to Harris's summary judgment motion not later than January 17, 2006. (*Id*.). In his motion, Hicks claims Harris was granted two extensions of time to respond to his discovery requests, which extended by 90 days Hicks's deadline to respond to Harris's motion. (Doc. 131 at 2). There is nothing in the record which suggests that Judge Frazier granted these extensions. Thus,

the Court can only assume that the parties agreed to these deadlines informally, without approval from Judge Frazier or this Court. This is troublesome because Hicks lacked the authority to grant the extensions to the extent they affected the briefing schedule for Harris's summary judgment motion. The parties should have come to the Court with such requests, and to the extent Hicks feels slighted by the Court's failure to take account of deadlines of which he failed to make the Court aware, he out of luck. Further, though Hicks directs the Court's attention to several pieces of evidence that Harris recently produced, he does not indicate how this evidence would change the Court's substantive determinations. Clearly, this evidence would not change the analysis in Parts A or B(i)(a). This information *might* change the Court's ruling in Parts B(i)(b) and Part B(ii), but Hicks does not tell the Court why. Courts have been uniform in holding that a Rule 60(b) motion need not be granted if doing so would amount to an empty exercise. *See, e.g., Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973). To justify relief under Rule 60(b), a party "must show facts, which if established, might reasonably be said to be a basis for recovery." *Id*. Hicks does put forward new facts, but does not specifically state how these facts would undermine the Court's order.

On the same day Hicks filed his Rule 60(b) motion, he appealed this Court's order. In most instances, the filing of a notice of appeal divests this Court of jurisdiction. However, district courts retain jurisdiction to consider and deny Rule 60(b) motions during the pendency of an appeal. *Simons v. Gorsuch*, 715 F.2d 1248, 1252 (7th Cir. 1983). When a party files a Rule 60(b) motion, it is the duty of the district court to review it promptly, and "either deny [it] or, if the court is inclined to grant relief, to so indicate so that [the Court of Appeals] may order a speedy remand." *Brown v. United States*, 976 F.2d 1104, 1110-11 (7th Cir. 1992). Hicks's failure to make any

specific arguments indicating why these new facts undermine the Court's ultimate determinations makes dismissal appropriate, *see Simons*, 715 F.2d at 1252, as it is not the Court's obligation to make his arguments for him. *See Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000). As Hicks has not make any specific arguments in his motion, the Court cannot say that it is inclined to grant relief. Therefore, the Court **DENIES** Hicks's motion (Doc. 130). However, Hicks may refile his motion if he specifically indicates how the new information undermines the Court's order. If he makes this showing, the Court will exercise its authority as recognized in *Brown* so that the Seventh Circuit can remand the action for further proceedings in this Court.

    **IT IS SO ORDERED**

    **Dated: June 13, 2006.**

                                                        s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **U.S. District Judge**