IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HAL D. HICKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 03-4004-GPM |
| | ) |
| **MIDWEST TRANSIT, INC., DON HOAGLAND,** Individually and as Interim Receiver for Midwest Transit, Inc., and **HARRIS INVESTOR SERVICES, L.L.C.,** a/k/a CFSB DIRECT, | ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

On March 9, 2006, District Judge Gilbert granted a motion for summary judgment filed by Defendant Harris Investor Services, L.L.C. (*see* Doc. 119). Defendant Harris was the last party to the action to be dismissed, and, therefore, the Clerk entered judgment the same day (*see* Doc. 120). Plaintiff then filed a motion for leave to file a Rule 59(e) motion out of time (*see* Doc. 121). When that motion was denied, Plaintiff filed a motion for reconsideration pursuant to Rule 60(b) and a notice of appeal (*see* Docs. 128, 130). The Rule 60(b) motion was also denied by District Judge Gilbert on June 13, 2006 (*see* Doc. 136).

On August 10, 2006, Plaintiff filed an amended motion for reconsideration (*see* Docs. 137, 138); Defendant Harris filed its opposition to the motion on August 30, 2006 (*see* Doc. 141). On September 13, 2006, this action was reassigned to this District Judge.

The Court first notes that the judgment in this case has been appealed to the United States

Court of Appeals for the Seventh Circuit. This appeal does not, however, affect the district court's jurisdiction to resolve the pending motion brought under Federal Rule of Civil Procedure 60(b). *See Brown v. United States*, 976 F.2d 1104, 1110-11 (7th Cir. 1992).

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3) fraud…; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated…; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). This rule authorizes the Court to relieve a party from a final judgment when such relief is needed to "accomplish justice," *see Klapport v. United States*, 335 U.S. 601, 615 (1949), and the decision whether to grant such relief rests within the Court's sound discretion. *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980).

In a nutshell, Plaintiff complains that summary judgment was entered against him before he had an opportunity to supplement his response with newly obtained discovery. He also claims that Defendant misrepresented facts to the Court. The amended motion attempts to show how the new information Plaintiff obtained undermines Judge Gilbert's order, as Judge Gilbert invited in his order denying the first Rule 60 motion.

This Court has reviewed the entire record and finds nothing that justifies relief from the judgment. Judge Gilbert's Memorandum and Order appears to rest on a complete record, and the late discovery responses only verify and corroborate facts that were already before the Court. This Court sees no reason to disturb Judge Gilbert's decision.

Accordingly, the amended Rule 60(b) motion (Doc. 137) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 02/01/07

                                                        s/ G. Patrick Murphy
                                                        G. PATRICK MURPHY
                                                        Chief United States District Judge